UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SHARIKA JANUARY | : | DOCKET NO. 16-cv-1751 |
| VERSUS | : | JUDGE MINALDI |
| DIPTI ZAVER | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a *pro se* civil rights complaint under Section 706 of Title VII of the Civil Rights Act of 1964, filed *in forma pauperis* by plaintiff Sharika January ("January"). Doc. 1. This matter has been referred to the undersigned for preliminary review as mandated by 28 U.S.C. Section 1915 to determine, prior to service of the complaint on defendants, whether the complaint is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. Section 1915(e)(2)(B)..

### I.
#### BACKGROUND

January states that, while working at a motel in August 2013, she complained to defendant Dipti Zaver ("Zaver"), manager at the motel, about racially offensive remarks that one of her coworkers had made about a black customer. Doc. 1, p. 1. She alleges that Zaver began to treat her differently and terminated her employment six days after the incident. *Id.* She also asserts that the author of the offensive remarks was subsequently hired by the Zaver to work at another property. *Id.* A human resources form attached to the complaint indicates that January was fired for insubordination/disciplinary reasons. Doc. 1, att. 2, p. 1.

January filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on October 3, 2013. *Id.* at 2–9. On September 28, 2016, that agency dismissed the suit, ruling that it was unable to conclude that January's rights had been violated under Title VII. *Id.* at 14–15. It also informed January of her right to file a lawsuit against her employer within ninety days. *Id.* at 15. January then filed the instant petition in this court on December 22, 2016. Doc. 1.

## II.
### LAW AND ANALYSIS

#### A. *Frivolity Review*

January has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. This act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

#### B. *Title VII*

Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.*, provides states that it is unlawful for an employer to take adverse employment action against an individual because of that individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Although Title VII complaints are not held to the same pleading standards as other employment

discrimination claims, a plaintiff must still allege direct or circumstantial facts toward the "ultimate question" of whether the adverse employment action was inflicted because of the plaintiff's protected status. *Raj v. Louisiana State University*, 714 F.3d 322, 331 (5th Cir. 2013) (quoting *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 576 (5th Cir. 2004)).

Here January only asserts the following in support of her claim of race-based discharge: (1) that the discharge occurred shortly after she complained to her manager about another employee's racially offensive remark and (2) that the other employee was hired to work at another property, rather than being permanently discharged. Alone, these assertions are insufficient to support her claim that she was fired because of her race. She fails to state her own race or the race of anyone else involved in the incident. She also omits many of the allegations raised in her original complaint to the EEOC, which were used to support January's contention of racial animus. *See* doc. 1, att. 2, pp. 6–9. Accordingly, and in light of the plaintiff's pro se status, she is granted **30 days** to amend her complaint in order to allege the following:

1. The races of those involved in the termination; and
2. Any other information relevant to determining whether her discharge was based on race.

Failure to comply will result in a recommendation that this suit be dismissed for failure to state a claim on which relief may be granted.

THUS DONE AND SIGNED in Chambers this 19th day of January, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE